**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **CHARLOTTE PETRIE,** | § | |
| **individually and as Trustee of** | § | |
| **the Petrie Family 2018 Trust,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Cause No. _____** |
| | § | |
| **NOVELIS CORPORATION,** | § | **Jury Trial Demanded** |
| **individually and as successor-** | § | |
| **in-interest to Alcan Aluminum** | § | |
| **Corporation, Alcan Fabrication** | § | |
| **Corporation, Alcan Cable, and** | § | |
| **Metal Goods Corporation,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

This is a lawsuit for damages from the personal injuries and wrongful death of Larry Petrie from exposure to the defendant's asbestos that Larry Petrie sustained as a child. Larry Petrie was diagnosed with Mesothelioma on December 16, 2016, and died of Mesothelioma on July 23, 2018. Plaintiff complains of Defendant Novelis Corporation and its alternate entities or predecessors in interest, Alcan Aluminum Corporation, Alcan Fabrication Corporation, Alcan Cable, Metal Goods Corporation ("Defendant"), and for causes of action would show the Court and Jury the following:

### PARTIES

1. Plaintiff Charlotte Petrie is a resident of Vallejo, California. Charlotte Petrie appears in her individual capacity and as the Representative of the Estate of Larry Petrie and as the Trustee of

the Petrie Family 2018 Trust. Charlotte Petrie and Larry Petrie were husband and wife at the time of Larry Petrie's death and had been married for 54 years.

2.   Larry Petrie resided in Vallejo, California. Larry Petrie was diagnosed with Malignant Pleural Mesothelioma on December 16, 2016, and died of Mesothelioma on July 23, 2018.

3.   Defendant Novelis Corporation is a resident of Texas.

## VENUE AND JURISDICTION

4.   Jurisdiction is proper because Novelis Corporation is a Texas corporation.

5.   The Court has subject matter jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

## FACTUAL ALLEGATIONS

6.   Larry Petrie sustained exposure to Defendant's asbestos in the 1950's using asbestos-containing Snowdrift, a product of Alcan Aluminum Corporation, to decorate the family Christmas tree each year. During this time period, Larry Petrie; his younger brother Dennis; and three younger sisters Carolyn, Pam, and Janis decorated the Christmas tree by throwing, sprinkling, and placing the snowdrift product onto the tree. Larry Petrie and his brother had "snowball" fights using the artificial snow within the home, as well as outside the home once the tree was taken down after Christmas, often times hitting one another in the face.

7.   On December 16, 2016, doctors diagnosed Larry Petrie with Malignant Pleural Mesothelioma.

8.   Larry Petrie died from Malignant Pleural Mesothelioma on July 23, 2018.

9.   Plaintiffs bring suit in Texas in accordance with TEXAS CIVIL PRACTICES AND REMEDIES CODE section 71.031 and pleads the following:

-2-

a. This is an action for damages for the personal injuries and subsequent death due to wrongful acts, neglect, or default that caused the injuries and death in both a foreign state and Texas, and:

   i. Both the law for the foreign state and this state gives a right to maintain an action for damages for the death and injury;

   ii. The action has been commenced in this state within the time provided by the laws of this state for beginning the action;

   iii. The action has been commenced in this state within the time provided by the laws of the foreign state in which the wrongful act, neglect, or default took place.

## CAUSES OF ACTION

### First Cause of Action – NEGLIGENCE

10. Plaintiff complains of Defendant's conduct and asserts negligence as a cause of action alleging Defendant was the successor, successor in business, successor in product line or a portion thereof.

11. At all times herein mentioned, Defendant was and is engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, selling, , testing, promoting, marketing, warranting, packaging, specifying, or otherwise facilitating the use of asbestos containing products negligently and carelessly, in that said products caused personal injuries to users, consumers, workers, bystanders, and others, including Larry Petrie while being used in a manner that was reasonably foreseeable, and in fact intended by Defendant, rendering said products hazardous, unsafe and unreasonably dangerous for use by Larry Petrie.

12.  Defendant had a duty to exercise due care in the pursuit of the activities described above and defendant breached its duty of due care to the Plaintiff.

13.  Defendant knew or should have known, and in fact intended that its asbestos containing products be used as intended, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and handling individuals including Larry Petrie, inhaled such asbestos fibers and the inhalation of these asbestos fibers were a substantial cause of Larry Petrie's mesothelioma and subsequent death.

14.  Larry Petrie used, handled, or otherwise sustained exposure to defendant's asbestos-containing products as described above in a manner that was reasonably foreseeable.

15.  As a direct and proximate result of the acts, omissions, and conduct of the Defendant, Larry Petrie's exposure to Defendant's asbestos and asbestos-containing products caused severe and permanent injury, damage, loss, and harm to Larry Petrie resulting in his death causing Plaintiff to sustain damages.

16.  Progressive lung disease, cancer, and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma and that such injury, damage, loss, or harm results from exposure to asbestos and asbestos-containing products over a period of time. Larry Petrie suffered from a condition related to exposure to Defendant's asbestos and asbestos-containing product, namely malignant pleural mesothelioma. Larry Petrie was not aware at the time of exposure that Defendant's asbestos-containing product Snowdrift presented a risk of injury and disease nor was he old enough at the time to appreciate the risk.

17. As a direct and proximate result of Defendant's actions designing, manufacturing, marketing, and placing its Snowdrift product into the stream of commerce, Larry Petrie suffered

-4-

permanent injuries to his person and health, including, but not limited to, cancer, mental and emotional distress from the cancer and the knowledge of his impending death, and ultimate death.

18.  As a direct and proximate result of the Defendant's actions, Plaintiff incurred liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment.

19.  As a further direct and proximate result of the Defendant's conduct, Plaintiff incurred pecuniary losses. Defendant and its officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein. Defendant is liable for fraudulent, oppressive, and malicious acts of its alternate entities, and each of them, and officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of its alternate entities as set forth in this complaint.

**Second Cause of Action – STRICT PRODUCT LIABILITY**

20.  Plaintiff incorporates by reference, as though fully set forth here, the allegations contained in each of the preceding paragraphs.

21.  Defendant knew and intended that its asbestos-containing products would be used by the purchaser or user without inspection for defects without knowledge of the hazards involved in such use

22.  The Defendant's asbestos-containing products were defective and unsafe for their intended purpose in that the inhalation of asbestos fibers causes serious disease and death. The defect existed in the Defendant's products at the time they left the Defendant's possession. The products did in fact cause personal injuries, including lung disease and cancer to Larry Petrie while being used in

a reasonably foreseeable manner, thereby rendering the products defective, unsafe and unreasonably dangerous for use.

23. Larry Petrie did not know of the substantial danger of using the Defendant's products because the dangers were not readily recognizable by exposed persons such as Larry Petrie. Defendant failed to adequately warn of the risks to which Larry Petrie and others similarly situated encountered from using Defendant's Snowdrift asbestos-containing products.

24. In researching, manufacturing, fabricating, designing, modifying, testing or failing to test, failing to warn, labeling, distributing, offering for sale, supplying, selling, marketing, warranting, packaging and advertising its asbestos-containing products, Defendant did so with conscious disregard for the safety of intended users such as Larry Petrie, who came in contact with Defendant's asbestos-containing products, in that said Defendant had prior knowledge that there was a substantial risk of injury or death resulting from exposure to its asbestos-containing products, including lung damage and cancer.

25. Defendant was aware by the time its products entered the stream of commerce that members of the general public who would come in contact with its asbestos-containing products had no knowledge or information indicating that asbestos-containing products, could cause injury. Furthermore, Defendant knew that members of the general public who came in contact with Defendant's asbestos-containing products, would assume, and in fact did assume, that exposure to Defendant's products was safe, when in fact such exposure was hazardous to health and human life.

26. With such knowledge, Defendant opted to research, manufacture, fabricate, design, distribute, offer for sale, sell, supply, market, warrant, package, and advertise its asbestos-containing products without attempting to warn such persons of the high risk of injury and death

resulting from exposure to Defendant's asbestos-containing products. Rather than attempting to protect such persons from or warn them of the high risk of injury and death resulting from exposure to asbestos and  asbestos-containing products, Defendant intentionally failed to reveal its knowledge of the risk, and consciously and actively concealed and suppressed such knowledge from members of the general public, namely Larry Petrie, thus impliedly representing to him and members of the general public that its asbestos-containing products were safe for all reasonably foreseeable uses. Defendant engaged in this conduct and made these implied representations with the knowledge of the falsity of the implied representations.

27.   The above-referenced conduct of the Defendant was motivated by financial interest in the continuing, uninterrupted sale of asbestos- containing products. In pursuance of this financial motivation, the Defendant consciously disregarded the safety of persons such as Larry Petrie and in fact was consciously willing and intended to permit its asbestos- containing products to cause injury to persons such Larry Petrie.

28.   Plaintiff alleges the Defendant impliedly warranted its Snowdrift asbestos-containing products to be safe for their intended use but its asbestos-containing products actually created an unreasonable risk of bodily harm to exposed persons.

29. Larry Petrie relied upon Defendant's representations, lack of warnings, and implied warranties of fitness of its asbestos-containing products. As a direct, foreseeable, and proximate result, Larry Petrie died as a result of the Defendant's asbestos-containing products as alleged.

30.   As a direct and proximate result of the actions and conduct outlined here, Plaintiff suffered the injuries and damages previously alleged.

31.   Plaintiff prays judgment against Defendant for the damages as set forth in this Complaint.

-7-

## Third Cause of Action – LOSS OF CONSORTIUM

32. For the third, separate, and distinct cause of action for loss of consortium, Plaintiff Charlotte Petrie complains of Defendant Novelis Corporation, its alternate entities and predecessors-in-interest, and each of them, and alleges as follows:

33. Plaintiff incorporates by reference each and every preceding paragraph as if fully set forth here.

34. Larry Petrie and Charlotte Petrie were married on August 10, 1963, and were husband and wife at all times from that date until Larry Petrie's death.

35. Prior to Larry Petrie's injuries as alleged, he was able and did perform duties as a spouse. As a proximate result of his mesothelioma, Larry Petrie was unable to perform the necessary duties as a spouse and the work and service usually performed in the care, maintenance and management of the family home. As a proximate result of such illness, Plaintiff Charlotte Petrie was permanently deprived of the consortium of her spouse, including the performance of duties, all to her damages, in an amount presently unknown but which will be proved at the time of trial.

36. Plaintiff's cause of action for her loss of consortium, as did not accrue until after Larry Petrie's diagnosis of mesothelioma.

37. As a direct and proximate result of the acts of the Defendant, its alternate entities, predecessors-in-interest, and each of them, and the severe injuries caused to Larry Petrie as set forth in this complaint, Plaintiff Charlotte Petrie suffered and will continue to suffer loss of consortium, including but not by way of limitation, loss of household services, marital relations, society, comfort, companionship, love and affection of said spouse, and has suffered severe mental and emotional distress and general nervousness as a result of her husband's injuries and death.

38. Plaintiff prays for judgment against Defendant as set forth here.

-8-

## Fourth Cause of Action – SURVIVAL

39.  As and for the fourth, separate, further and distinct cause of action for survival damages Plaintiff Charlotte Petrie complains of Defendant Novelis Corporation, its alternate entities and predecessors-in-interest, and each of them, and alleges as follows:

40.  Plaintiff incorporates by reference each and every preceding paragraph as if fully set forth here.

41. As a direct result of Larry Petrie's exposure to Defendant's Snowdrift, Larry Petrie developed mesothelioma and severe personal injuries, including poor physical health. Plaintiff is the only heir at law to the estate of Larry Petrie. Plaintiff therefore brings this suit for damages suffered and sustained by Larry Petrie pursuant to TEXAS CIVIL PRACTICES AND REMEDIES CODE section 71.021. Plaintiff seeks damages for the funeral and burial expenses incurred because of Mr. Petrie's wrongful death. Plaintiff seeks damages for the loss of Mr. Petrie's life itself and related pecuniary loss including economic loss based on what Larry Petrie would have earned had he lived. Plaintiff seeks exemplary damages.

42. Plaintiff seeks recovery of all available and necessary survival damages within the jurisdictional limits of this Court, in an amount to be determined by a jury.

43. Plaintiff prays for judgment against Defendant as set forth here.

## Fifth Cause of Action - WRONGFUL DEATH

44. For the fifth, separate, and distinct cause of action for wrongful death, Plaintiff Charlotte Petrie complains of Defendant Novelis Corporation, its alternate entities and predecessors-in-interest, and each of them, and alleges as follows:

45.  Plaintiff incorporates by reference each and every preceding paragraph as if fully set forth here.

46. Larry Petrie's death was the result of Defendant's conduct. Larry Petrie's inhalation of the asbestos dust released from the handling of Defendant's asbestos-containing Snowdrift products was the proximate cause in the development of Larry Petrie's mesothelioma.

47. Plaintiff is the surviving wife of Larry Petrie, deceased. Plaintiff brings this suit for damages suffered by her as a result of the wrongful death of Larry Petrie pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE section 71.004.

48. At the time of his death, Larry Petrie was 76 years old and in good health with a normal life expectancy.

49. Larry Petrie was a loving and dutiful husband to his wife, Charlotte Petrie. Larry provided Charlotte with financial support as well as joy, happiness, and the anticipation of all the pleasures that a husband can bring to his wife. Larry provided Charlotte with care, maintenance, love, comfort, advice, counsel, and society, and it was anticipated that he would continue to do so for a long time into the future.

50. As a result of Larry Petrie's wrongful death, his wife has suffered damages in the past including termination of the marital relationship, loss of consortium, loss of companionship and society, and severe mental anguish. Charlotte Petrie will, in reasonable probability, continue to suffer such damages in the future. As a result of Larry Petrie's wrongful death, his wife has suffered the past and future loss of household services, loss of inheritance, and loss of Larry's past and future earning capacity.

51. Plaintiff seeks recovery of wrongful death damages including pecuniary loss within the jurisdictional limits of this Court, in an amount to be determined by a jury.

52. Plaintiff prays for judgment against Defendant as set forth here.

## Sixth Cause of Action – GROSS NEGLIGENCE

53. For a the fifth, separate, and distinct cause of action for gross negligence, Plaintiff Charlotte Petrie complains of Defendants Novelis Corporation, its alternate entities, and each of them, and alleges as follows:

54. Plaintiff incorporates by reference each and every preceding paragraph of the Complaint as if fully set forth in their entirety here. The exposure Larry Petrie sustained from the Defendant's asbestos-containing products was a substantial contributing factor to Larry Petrie's development of mesothelioma. As a result of the Defendant's Gross Negligence, Larry Petrie developed asbestos-related mesothelioma and severe personal injuries and sustained the following damages, to-wit:

    a) Past medical expenses;

    b) Loss of past earnings;

    c) Past loss of full mind and body; and

    d) Past mental and physical pain and suffering.

## DAMAGES

55. As a direct and proximate result of the Defendant's conduct, Plaintiff suffered the following injuries and damages:

    a) The hospital, medical, pharmaceutical, and other medical expenses incurred as a result of Larry Petrie's mesothelioma and other related physical conditions, according to proof;

    b) Larry Petrie's funeral, burial, internment or creation expenses;

    c) Larry Petrie's loss of earnings and earning capacity from the time of his illness until his death;

d) The net pecuniary loss the Plaintiff suffered as a result of Larry Petrie's debilitating illness, incapacitation and death from mesothelioma had he lived and continued to work;

e) The economic value of the services that Larry Petrie, as a husband, father, and grandfather, had he lived, would have provided to Plaintiff as determined by the sound send and deliberate judgment of the jury, based on their own observation, experience and knowledge respecting these matters based on the facts and circumstances of this case;

f) Physical pain, impairment, and mental anguish suffered by Plaintiff as a result of Larry Petrie's debilitating illness, incapacitation and death from mesothelioma;

g) Damages for grief, loss of companionship, impairment of the quality of life, inconvenience, pain and suffering, and emotional distress incurred by Plaintiff, from the time of Larry Petrie's diagnosis to the time of trial, and into the future, for the maximum amount allowed by law according to proof, and further increased if justified by clear and convincing evidence therefore;

h) The loss of relationship, love, comfort, and consortium that Plaintiff Charlotte suffered, as a result of Larry Petrie's mesothelioma diagnosis and death, and would have received from Larry Petrie had he lived;

e) Exemplary damages for gross negligence to the extent allowable by law;

f) For prejudgment interest from the date of the injury through judgment, and post judgment interest on the judgment at the maximum rate allowed by law.

## JURY DEMAND

56. Plaintiff respectfully demands that all issues of fact in this case be tried to a properly impaneled jury and has paid the jury fee.

## PRAYER FOR RELIEF

57. Based on the foregoing, Plaintiff demands judgment against Defendant, its alternate entities, predecessors-in-interest, and each of them in an amount to be proved at trial as follows:

Plaintiff Charlotte Petrie, Individually and as Trustee of the Petrie Family 2018 Trust:

   a) For Plaintiff's general damages according to proof;

   b) For Plaintiff's loss of income, wages and earning potential according to proof;

   c) For Plaintiff's medical and related expenses according to proof;

   d) For Plaintiff's damages for loss of consortium, according to proof;

   e) For Plaintiff's cost of suit herein;

   f) For exemplary or punitive damages

   g) For such other and further relief as the Court may deem just and proper, including costs and prejudgment interest.

Respectfully submitted,
**HENDLER FLORES, PLLC.**

By: _____

Scott M. Hendler
Texas Bar No. 09445500
shendler@hendlerlaw.com
Rebecca Ruth Webber
Texas Bar No. 24060805
rwebber@hendlerlaw.com
1301 West 25th Street, Suite 400
Austin, Texas 78705
Telephone: 512-439-3202

Facsimile: 512-439-3201

**ATTORNEYS FOR PLAINTIFF**