Case 4:18-cv-04522   Document 98   Filed on 06/21/21 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 21, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLOTTE PETRIE, INDIVIDUALLY AND AS TRUSTEE OF THE PETRIE FAMILY 2018 TRUST, MARK PETRIE, AND SHAWNA PETRIE, *Plaintiffs*, v. NOVELIS CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ALCAN ALUMINUM CORPORATION, ALCAN FABRICATION CORPORATION, LACAN CABLE, AND METAL GOODS CORPORATION, *Defendants*. | § § § § § § § § § § § § § § § § | Civil Action No.: 4:18cv4522 |

## **MEMORANDUM AND RECOMMENDATION**

This case is before the Court on Defendant Novelis Corporations' Motions for Summary Judgment in its Individual Capacity and as Successor in Interest. ECF 44, 45.[1] Having considered the parties' arguments, submissions, and the law, the Court recommends that the motions be GRANTED in part and DENIED in part.

**I.    Background**

Larry Petrie died of Mesothelioma on July 23, 2018. His survivors and a family trust have sued Defendant Novelis Corporation for personal injury and wrongful death alleging that Mr. Petrie's exposure to Defendant's asbestos-containing product (Snow Drift) when decorating the family Christmas tree in the 1950s caused Larry's Mesothelioma.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 81.

Mr. Petrie was a lifelong resident of California. During his life, he experienced multiple exposures to asbestos products including through his father's work at the Mare Island Naval shipyard, his work on car brakes as a teen, and his work as an adult including as a pipefitter on naval ships at Mare Island. Mr. Petrie's family used Snow Drift to decorate at Christmas. The family would throw the product on their Christmas tree and he and his siblings would have "snowball" fights with it.

Plaintiffs' First Amended Complaint asserts causes of action against Defendant, individually and as successor in interest, for negligence, strict product liability, loss of consortium, survival, wrongful death, and gross negligence. ECF 14. Defendant moves to dismiss all of Plaintiffs' claims against them. The Court has previously ruled that California law applies to the causation element of Plaintiffs' substantive claims.

## II.     Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The Court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (quoting *Celotex*, 477 U.S. at 325).

### III. Analysis

#### A. Novelis's Individual Capacity Motion

It is undisputed that Metal Goods Corporation manufactured an artificial snow product called "Snow Drift" in the 1950s. Metal Goods Corporation was acquired by Alcan Aluminum Corporation in 1969 and Alcan continued using the name Metal Goods. ECF 57-3 at 4.[2] Alcan sold Metal Goods to a company called Rio Algom in 1995. ECF 44-5 at 7. Alcan Aluminum Corporation merged into Alcan Corporation in July 2003 and after merging with other Alcan entities into Alcan Fabrication Corporation then became Alcan Aluminum in September 2003. ECF 57-3 at 14-20. Alcan Corporation spun off its flat-rolled aluminum products business into Novelis Corporation as of January 1, 2005. ECF 44-5 at 8. Plaintiffs characterize the 2005 restructuring as a name change. ECF 57 at 8. It is Novelis' position that it is not liable in its individual capacity for Plaintiffs' claims because "there is no causal nexus between any conduct of Novelis and Mr. Petrie's injuries or death." ECF 44 at 8.

---

[2] Defendant's objections to the Morse Declaration and the attached exhibits (ECF 71) are overruled for current purposes only.

Plaintiffs cite *Aguirre v. Armstrong World Indus., Inc.*, 901 F.2d 1256, 1258 (5th Cir. 1990) for the proposition that "the successor corporation assumes all responsibility for all of the outstanding tort claims of the merging corporations, including exemplary damages." ECF 57 at 9. But Novelis does not argue in its individual or successor-in-interest capacity motions that a corporate successor it is not liable for injuries caused by its corporate predecessor. ECF 69 at 3; ECF 45. On the other hand, neither party explains why the individual v. successor-in-interest distinction matters. Plaintiffs assert the same claims against Novelis in both its individual and successor-in-interest capacities. The Court sees no need to make the individual v. successor-in-interest distinction at this time. The Court recommends that Novelis's Motion for Summary Judgment in its individual capacity be DENIED.[3]

### B.     Novelis's Successor in Interest Capacity Motion

Novelis, in its capacity as successor-in-interest to Metal Goods Corporation, moves for summary judgment on all of Plaintiffs' claims because (1) Novelis did not owe a duty to Larry Petrie in the 1950s and (2) Plaintiffs' cannot prove that Snow Drift was a substantial factor in causing Petrie's mesothelioma.

### 1.     Plaintiffs' strict products liability claim does not require proof of duty and foreseeability.

Novelis contends that the existence of a duty of care is a required element of *all* of Plaintiffs' asserted causes of action. ECF 45 at 9. Novelis contends Metal Goods did not owe a duty to Petrie because in the 1950s when Metal Goods manufactured and sold Snow Drift it was not foreseeable that non-occupational exposure to asbestos could be harmful. Plaintiffs respond that the existence of a duty and foreseeability are *not* required elements of its strict products

---

[3] However, claims dismissed pursuant to Novelis's Successor-in-Interest Motion are dismissed as to Novelis individually as well.

liability claim.[4]  *See Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334, 337 (5th Cir. 1982) (listing elements of an asbestos-related product liability case).[5]  However, Plaintiffs do not respond to Novelis's arguments regarding duty and foreseeability (or to any other of Novelis's grounds for summary judgment) as to any claim other than strict products liability.  *See* ECF 58.  Therefore, the Court recommends that Novelis's motion for summary judgment be denied as to Plaintiffs' strict product liability claim and granted as to Plaintiffs' negligence, loss of consortium, survival, wrongful death, and gross negligence claims.

        **2.**    **Defendants have not shown summary judgment is appropriate on Plaintiffs' asbestos-related strict products liability claim under California law.**

Novelis moves for summary judgment on grounds that under Texas law Plaintiff cannot prove that Petrie's exposure to Snow Drift was a substantial factor in causing his mesothelioma.  ECF 45 at 12-15.  Novelis specifically relies on *Georgia-Pacific Corp. v. Bostic*, 439 S.W.3d 332, 347-48 (Tex. 2014) for the propositions that "[t]he quantification of dose must be related to epidemiological studies that show more than a doubling of the risk  (a relative risk greater than 2.0) to those persons exposed"; "epidemiological studies must have the generally accepted confidence level of ninety-five percent or greater"; and "the confidence interval as expressed in the epidemiological study must not include the number one."  ECF 45 at 13.

---

[4] Novelis argues in its Reply that the strict products liability claim fails as well because Plaintiffs have not provided evidence that asbestos is an unreasonably dangerous product.  ECF 70 at 3-4.  But Novelis did not move for summary judgment on that ground and the Court declines to consider a new ground for relief raised in a reply.  *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991) (the rule that the nonmovant should be given a fair opportunity to respond to a motion "informs the court's practice of declining to consider arguments raised for the first time in a reply brief.").  In addition, Novelis's objection (ECF 71) to the Consumer Product Safety Commission documents submitted in Plaintiff's Response (ECF 58-6) are overruled for current purposes only.

[5] *See also Cty. of Santa Clara v. Atl. Richfield Co.*, 137 Cal. App. 4th 292, 318, 40 Cal. Rptr. 3d 313, 335 (2006) ("The elements of a strict products liability cause of action are a defect in the manufacture or design of the product or a failure to warn, causation, and injury.").  No party argues there is a conflict between the law of Texas and the law of California as to the elements of a strict liability claim.

5

Novelis contends summary judgment must be granted because Plaintiffs' expert industrial hygienist did not calculate a quantitative dose level for Larry Petrie's exposure to Snow Drift and did not show that the epidemiological studies on which he relies apply to Petrie.  *See* ECF 45 at 13-15 (citing ECF 45-7 (Depasquale Dep.)).  Thus, according to Novelis, Plaintiffs' case rests on the theory that "any exposure above background" is a substantial contributing factor to mesothelioma, and under Texas law this theory of causation is insufficient as a matter of law under *Georgia-Pacific Corp. v. Bostic*, 439 S.W.3d 332 (Tex. 2014), *Borg-Warner Corp. v. Flores*, 232 S.W.3d 765 (Tex. 2007), and *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706 (Tex. 1997).

Since the filing of Novelis's motion for summary judgment, the Court has ruled that California law applies to the issue of causation in this case.  Plaintiffs argue that under California law evidence of a quantified defendant-specific dose sufficient to show a doubling of the risk of contracting mesothelioma is not required.  *See* ECF 58 at 16 (citing *Rutherford v. Owens-Illinois, Inc.*, 941 P.2d 1203, 1219 (Cal. 1997) ("plaintiffs may prove causation in asbestos-related cancer cases by demonstrating that the plaintiff's exposure to defendant's asbestos-containing product in reasonable medical probability was a substantial factor in contributing to the aggregate *dose* of asbestos the plaintiff or decedent inhaled or ingested, and hence to the *risk* of developing asbestos-related cancer, without the need to demonstrate that fibers from the defendant's particular product were the ones, or among the ones, that *actually* produced the malignant growth." (emphasis in original)).  As it stands, Novelis has not met its initial summary judgment burden to establish that Plaintiffs cannot create a genuine issue of material fact on causation under California law.

6

Therefore, the Court recommends that Novelis's successor-in-interest motion for summary judgment be denied as to Plaintiffs' strict products liability claim.[6]

## IV.  Conclusion and Recommendation

For the reasons discussed above, the Court recommends that Defendant Novelis's Motion for Summary Judgment in its Individual Capacity (ECF 44) be DENIED and Novelis's Motion for Summary Judgment in its Successor-in-Interest Capacity (ECF 45) be GRANTED as to Plaintiffs' negligence, loss of consortium, survival, wrongful death, and gross negligence and DENIED as to Plaintiffs' strict products liability claim.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 21, 2021, at Houston, Texas.

Christine A. Bryan<br>
Christina A. Bryan<br>
United States Magistrate Judge

---

[6] At the May 27, 2021 hearing, the Court indicated that a hearing on motions for summary judgment would be conducted at a future date.  After further review, the Court has determined a hearing would not be useful at the present time.  The Court will consider hearing oral argument on any *Daubert* motions filed by the October 1, 2021 deadline.